IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TAMMY CARLISLE,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO.** |
| : | **1:13-CV-4063-CC-AJB** |
| **v.** : | |
| : | |
| **FEDERAL HOME LOAN** : | |
| **MORTGAGE CORP., CENLAR** : | |
| **FEDERAL SAVING BANK, and** : | |
| **MCCURDY & CANDLER, LLC,** : | |
| : | |
| **Defendants.** : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the Court's issuance of an Order, [Doc. 10], directing the parties to show cause why it should not be sanctioned for failure to comply with this Court's previous Order, [Doc. 9]. The Court ordered Plaintiff to additionally show cause why this case should not be dismissed for want of prosecution. [Doc. 10]. The time period for the parties to respond to the show cause order has now passed. The Court now **RECOMMENDS** that the matter be **DISMISSED** for failure to comply with this Court's lawful order under Rule 41.3 of this Court's Local Rules and for failure to prosecute.

AO 72A
(Rev.8/82)

**I.     Background**

This case was removed from Henry County Superior Court to this Court on December 9, 2013. [Doc. 1]. Defendants filed answers on December 16, 2013. [Docs. 3, 4]. On March 13, 2014, a Scheduling Order was entered and the case was assigned to a 6-month discovery track, at the request of the parties. [Doc. 6]. After approximately six months, no substantial proceedings had taken place and the Court entered an Order that Plaintiff, who is represented by counsel, show cause why this case should not be dismissed for want of prosecution. [Doc. 7]. Plaintiff filed a response indicating that she was in negotiations with some, but not all, of the Defendants, and requested an additional 30 days to complete the settlement. [Doc. 8]. The Court granted the request and stayed proceedings until October 23, 2014, at which time all parties were required to notify the Court in writing whether they had reached a settlement, and, if the parties were unable to finalize the terms of the settlement, the parties were directed to file a consolidated pretrial order by that same date. [Doc. 9].

By November 3, 2014, the parties had not filed a consolidated pretrial order, nor had they notified the Court whether they had reached a settlement. [*See* Dkt.] On November 3, the Court ordered all parties to show cause in writing within seven days why sanctions should not be imposed for failure to comply with the Court's Order.

2

[Doc. 9]. The Order specifically required Plaintiff to show cause why the case should not be dismissed for want of prosecution. [Doc. 10]. On November 10, 2014, instead of filing a *consolidated* pretrial order, the Defendants jointly filed a Proposed Pretrial Order, as to which Plaintiff did not join. [Doc. 11]. Through this submission, Defendants represented that they "have attempted to meet and obtain Plaintiff's portion of the pretrial order but have been unsuccessful as of the date of filing their portion of the pretrial order." [Doc. 11 at 1]. To date, Plaintiff has neither filed a pretrial order or submitted to the Court in writing why her case should not be dismissed, nor has she sought additional time to do so or disputed Defendants' claim that they had not received Plaintiff's cooperation in preparing a proposed pretrial order. [*See* Dkt.]. Thus, Plaintiff has failed to comply with the Court's Orders, [Docs. 9, 10].

## II.  Legal Standard

Federal Rule of Civil Procedure 41(b) "recognizes the inherent authority of district courts to involuntarily dismiss a claim . . . for want of prosecution to prevent undue delays in the disposition of pending cases and to avoid congestion of court calendars." *Jenkins v. FMA Alliance, Ltd.*, No. 3:12-cv-627-J-12MCR, 2013 WL 3149451, at *1 (M.D. Fla. June 12, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing*

*and Landscape*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) ("[A] federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice.") (citations omitted).[1]  In addition, Local Rule 41.3A(3) authorizes dismissal of a civil action for want of prosecution "with or without notice to the parties" when "[a] case has been pending in this court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case."

### III.   Discussion and Conclusion

This Court has issued multiple show cause orders, [*See* Docs. 7, 10], and has even stayed the case upon Plaintiff's request, [Doc. 9]. However, Plaintiff has failed to comply with multiple Court Orders. (*See* Dkt). Based on Plaintiff's failure to comply with multiple Court Orders, and because the case has been pending for more

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/82)

than six months without any substantial proceedings of record having been taken, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and repeated failures to comply with lawful orders of the Court.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this the 21st day of November, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE